IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 6:02cr70044 |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Norman K. Moon |
| EMMA JEAN DAVIS | ) | United States District Judge |

Emma Jean Davis, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Davis is challenging the validity of the sentence under which she is confined, based on allegations that, due to retroactive amendments to the United States Sentencing Guidelines, she is eligible for an additional downward departure from the federal mandatory minimum sentence imposed.[1] For the following reasons, I will dismiss Davis's motion as untimely filed.[2]

### I.

Davis pleaded guilty on July 29, 2002, to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base, and possession of a firearm in furtherance of a drug trafficking crime. The court sentenced Davis to 160 months' imprisonment on the conspiracy charge, and 60 months' imprisonment on the firearm charge. Judgment was entered on December 19, 2002, and Davis did not appeal.

In May 2008, Davis moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and a retroactive amendment to the federal sentencing guidelines for cocaine base offenses. On

---

[1] As Magistrate Judge Robert S. Ballou previously noted in the May 24, 2013 conditional filing order (Docket No. 38), it appears that Davis's claims may have been more properly raised under 18 US.C. § 3582(c). However, the record shows that Davis has already received the sentence reductions she is entitled to pursuant to that statute and the guideline amendments to which she refers in her motion. Therefore, I will not construe her pending motion as a motion under 18 U.S.C. § 3582(c).

[2] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings" that petitioner is not entitled to relief.

1

September 26, 2008, the court notified the parties of its belief that Davis might be entitled to a sentence reduction and ordered the United States to file grounds for any objections. No objections were filed. On October 20, 2008, I reduced Davis's sentence from 160 months to 130 months on the conspiracy charge.

In July 2011, Davis again moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and another retroactive amendment to the federal sentencing guidelines for cocaine base offenses. On September 2, 2011, the court notified the parties of its belief that Davis might be entitled to an additional sentence reduction and ordered the United States to file grounds for any objections. No objections were filed. On October 12, 2011, I reduced Davis's sentence from 130 months to 120 months on the conspiracy charge.

Davis then filed a motion for reconsideration of the court's October 12, 2011 order reducing her sentence to 120 months, which I denied on December 2, 2011. Thereafter, in June 2012 and May 2013, Davis wrote to the court inquiring about the potential applicability of recent rulings from the U.S. Supreme Court to her case. Davis was informed that her sentence had already been reduced under the applicable laws, but that if she believed that her sentence was invalid, she could file a motion to vacate, set aside, or correct under 28 U.S.C. § 2255. Davis filed the instant § 2255 motion on May 20, 2013.

Davis's § 2255 motion alleges that she is eligible for an additional downward departure from the federal mandatory minimum sentence imposed, due to retroactive amendments to the United States Sentencing Guidelines. Specifically, Davis states, "[e]ffective November 1, 2011, Amendment 750 (Parts A and C) of the U.S. Sentencing Guidelines were retroactively amended .

. . ." Davis also attaches to her § 2255 motion an excerpt from an article which references the recent case, *United States v. Savani*, 2013 WL 1767756 (3d Cir. April 24, 2013).[3]

The court filed Davis's § 2255 motion conditionally, notifying Davis that her motion appeared to be untimely under § 2255(f) and granting her an opportunity to submit any additional evidence and/or argument on the issue of timeliness. Since then, Davis submitted a document titled "motion to investigate if defendant is eligible for a sentence reduction and to be accepted for timeliness." *See* Docket No. 39. In that filing, Davis claims that she is entitled to a sentence reduction, and that her § 2255 motion is timely under the case *United States v. Blewett*, 2013 WL 2121945 (6th Cir. May 17, 2013) and the Fair Sentencing Act ("FSA"). She also states that the Supreme Court's discussion in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), regarding sentence disparities supports her argument. *See id.* at 2335-36 (holding that the FSA's new, lower mandatory minimums apply in the post-FSA sentencing of pre-FSA criminal conduct.).

## II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

3 That decision was superseded by *U.S. v. Savani*, 2013 WL 187752 (3d Cir. May 7, 2013), which in turn was amended and superseded by *U.S. v. Savani*, 2013 WL 2462941 (3d Cir. Jun. 10, 2013), holding that a defendant subject to a mandatory minimum term is eligible to move for a reduced sentence pursuant to § 3582(c)(2), in light of retroactive amendments to the U.S Sentencing Guidelines. *Id.* at *9.

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his or her conviction becomes final when the opportunity to appeal expires. *United States v. Clay*, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that his or her motion appears to be untimely, and allows the defendant the opportunity to provide any argument or evidence regarding timeliness and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Davis on December 19, 2002. Because she did not appeal the judgment, her conviction became final on January 6, 2003, when her opportunity to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A) (amended 2009). She then had one year, until January 6, 2004, to file a timely § 2255 motion. As she filed her § 2255 motion, at the earliest, on May 16, 2013,[4] her claims challenging the legality of her 2002 sentence are untimely under § 2255(f)(1). Davis does not allege facts or present arguments demonstrating that her § 2255 motion is timely under any other section of § 2255(f).[5]

Thus, unless Davis demonstrates equitable grounds on which she is entitled to the tolling of the federal filing deadline, her claims must be summarily dismissed as untimely. *See Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (finding that court has no authority to toll statute of limitation unless petitioner demonstrates extraordinary circumstances and due diligence as normally required for equitable tolling of limitation period).

---

[4] Generally, a prisoner's habeas petition is deemed filed when she delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings; *Houston v. Lack*, 487 U.S. 266 (1988). Because Davis signed and dated her § 2255 motion on May 16, 2013, I will assume for purposes of this opinion that she delivered it to prison authorities for mailing on that date.

[5] The cases Davis cites, *United States v. Savani*, 2013 WL 187752, and *United States v. Blewett*, 2013 WL 2121945, do not support her timeliness argument because they are not cases decided by the Supreme Court, as required by § 2255(f)(3).

To warrant equitable tolling, the defendant must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (en banc).

Davis does not demonstrate any grounds to support a claim for equitable tolling. Because Davis filed her § 2255 motion outside the limitations period and fails to demonstrate either due diligence or any extraordinary circumstance that prevented her from filing a timely § 2255 motion so as to warrant equitable tolling, her § 2255 motion must be dismissed as untimely filed.[6]

Furthermore, Davis's claim that she is entitled to a reduced sentence under the FSA and the recent cases *Blewett* and *Dorsey* has no merit. The FSA, which took effect on August 3, 2010, increased the drug amounts necessary to trigger the ten-year mandatory minimum under § 841(b)(1)(a) for cocaine base trafficking offenses, from 50 grams to 280 grams. Last year, the Supreme Court held that the FSA's "new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders." *Dorsey*, 132 S. Ct. at 2335. Because Davis's offense and sentencing both predated the effective date of the FSA, she is ineligible for a sentence reduction under the FSA.

The rationale of the *Dorsey* decision was, in part, to eliminate disparity between inmates sentenced after the Act. 132 S. Ct. at 2333. However, the Court expressly found that its

---

[6] To the extent that Davis raised potential § 2255 claims in her separate letters to the court in June 2012 and May 2013, such claims were also filed outside the one-year filing period under § 2255(f)(1).

rationale in *Dorsey* did not extend to correct the "new disparity between those pre-Act offenders already sentenced and those not yet sentenced as of August 3[, 2010] . . . ." 132 S. Ct. at 2335 (omitting parentheses). The Court emphasized that "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Id. See also United States v. Bullard*, 645 F.3d 237, 248 (4th Cir. 2011) (rejecting argument that FSA should be interpreted to apply retroactively to cases pending on direct appeal) (citing cases).

The *Blewett* case is similarly unhelpful to Davis. There, the Sixth Circuit held that the FSA of 2010 should be applied retroactively to defendants sentenced prior to its enactment pursuant to the Equal Protection Clause. *See Blewett*, 2013 WL 2121945, at *7-*9. That opinion has since been vacated (July 11, 2013), and a rehearing en banc has been granted. In any case, this court is bound by the law in the Fourth Circuit, which has held that the FSA does not apply retroactively to those defendants sentenced prior to its enactment. *See, e.g.*, *U.S. v. Mouzone*, 687 F.3d 207, 222 (4th Cir. 2012) ("[T]he Act applies retroactively only to offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.") (citations and internal quotation marks omitted). Thus, Davis's claim regarding a sentence reduction has no merit.

### III.

For the foregoing reasons, Davis's § 2255 motion must be summarily dismissed as untimely filed. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant.

ENTER: This __8th__ day of August, 2013.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

6